UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CECIL MARION HUTCHINS,

    Petitioner,

v.                                             Case No:  2:11-cv-210-FtM-38DNF

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

    Respondents.[1]
_____/

## **OPINION AND ORDER**[2]

### I.  Status

Petitioner Cecil Marion Hutchins (hereinafter "Petitioner") initiated this action *pro se* by filing a Petition for Writ of Habeas Corpus (Doc. #1) pursuant to 28 U.S.C. § 2254 challenging his judgment and conviction entered in the Twentieth Judicial Circuit Court,

---

[1]The Court notes that Petitioner names the Florida Attorney General and the Secretary Department of Corrections as Respondents.  Petition at 1.  Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official."  Id. at 436 (citations to other authorities omitted).  Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent.  Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945).  In Florida, the proper Respondent in this action is the Secretary of the Florida Department of Corrections.  Thus, the Florida Attorney General will be dismissed from this action.

[2]Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Collier County, Florida (case no. 01-4340CF) on February 2, 2005.[3] Petitioner was charged in an amended information with the following two counts: (1) sexual battery with a deadly weapon or great force, F.S. 794.011(3), Life felony; and, (2) Kidnapping, F.S. 787.01, PBL Felony.  Exh. 1, Vol. 6 at 190.  Petitioner proceeded to a jury trial and the jury found Petitioner guilty as charged.  Exh. 2 at 999.

Petitioner initiated the instant Petition raising the following two grounds challenging his judgment of conviction: (1) trial counsel rendered ineffective assistance of counsel for failing to move for a judgment of acquittal because the State failed to prove beyond a reasonable doubt that Petitioner committed the charged crimes; and (2) insufficient evidence to sustain his convictions.  Petition at 5, 9.  Respondent filed a Response in opposition to the Petition (Doc. #20, Response) and attached supporting exhibits (Doc. #8, Exh. 1, Vols. 1-8- Exh. 18), consisting of the record on direct appeal and postconviction pleadings.  Respondent argues that the Petition fails to satisfy 28 U.S.C. § 2254 (d) and (e).  Petitioner filed a Reply (Doc. #11, Reply).  This matter is ripe for review.

## II.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782,

---

[3]The Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

792 (2001). Consequently, post-AEDPA law governs this action. Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011). "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt." Id. (internal quotations and citations omitted). See also Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786 (2011) (pointing out that "if [§ 2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, ___ U.S. ___, 130 S. Ct. 1171, 1173 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000))(recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012)(internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 131 S. Ct. at 770. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fair-minded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has held that review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S. Ct. at 1398. Thus, the Court is limited to reviewing only the record that was before the state court at the time it rendered its order.  Id.

**B. Federal Claim Must Be Exhausted in State Court**

Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts 'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'"  Walker v. Martin, ____ U.S. ____, 131 S.Ct. 1120, 1127 (2011)(quoting Coleman v. Thompson, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  Rhines v. Weber, 544 U.S. 269, 274 (2005).  "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.  That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review."  Mason v. Allen, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) and Castile v. Peoples, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. Anderson v. Harless, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to

the federal habeas claim is insufficient to satisfy the fairly presented requirement." Duncan v. Henry, 513 U.S. 364, 366 (1995)(per curiam). "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008). In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a

substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.  Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

### C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  Newland, 527 F.3d at 1184.  In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8, 130 S. Ct. 13, 16 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

**A.  Ground One**

Petitioner argues that trial counsel rendered ineffective assistance of counsel for failing to move for a judgment of acquittal when the State failed to prove beyond a reasonable doubt that he committed the crimes. Petition at 5. Petitioner believes that counsel should have moved for judgment of acquittal because *inter alia* the victim gave inconsistent statements about the attack. Id. at 7. Specifically, Petitioner points out that during trial the victim identified the passenger in her vehicle as Charles Daniels, but Daniels testified that he was not in the car with her. Id. In his Reply, Petitioner points to testimony from defense witnesses that contradicted the victim's testimony. Reply at 2-3. Petitioner submits that if counsel had moved for a judgment of acquittal, the trial court would have granted it. Petition at 7.

In Response, Respondent first concedes that Petitioner exhausted this claim by raising the issue in his motion for postconviction relief. Response at 12. Turning to the merits of the claim, Respondent argues that the state postconviction court reasonably and correctly rejected Petitioner's claim, finding that Petitioner did not demonstrate prejudice as required under Strickland. Response at 12-13.

Petitioner raised the claim that counsel rendered ineffective assistance for failing to move for a judgment of acquittal as one of many arguments contained in ground one in his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Exh. 7 at 1-2. After receiving a response from the State, Exh. 9, the postconviction court, citing the Strickland standard, summarily denied Petitioner relief. Exh. 10. Specifically, the postconviction court found:

> The benchmark for judging claims of ineffectiveness of counsel is whether counsel's performance undermined the proper functioning of the adversarial process, thereby, producing a result which cannot be relied on, that is, but for the deficient performance the outcome would be different. Strickland v. Washington, 466 U.S. 668 (1984); Williamson v. Dugger, 651 So. 2d 84 (Fla. 1994); Cabrera v. State, 766 So. 2d 1131 (Fla. 2d DCA 2000). An attorney's performance must be reasonable under the prevailing professional norms, when considering all of the circumstances viewed from the attorney's perspective at the time of trial. Cabrera, at 11. There is a strong presumption of reasonableness which the defendant must overcome. Id.
>
> Regarding the first issue, Defendant alleges that trial counsel was ineffective for failing to familiarize themselves with the rules of court and procedure, which resulted in a failure to make proper objections at pretrial and at trial, or to move for judgment of acquittal. Specifically, Defendant alleges that counsel failed to "properly object" to the admission of prejudicial misleading evidence submitted through the testimony of Mitzi Schardt, who was erroneously permitted to give "expert" testimony concerning the cause of the victim's injuries and that Schardt's testimony contained "novel scientific evidence" that was not subject to the Frye test, and that counsel failed to object to Maria Puro's testimony on the grounds that the evidence which she presented was not subjected to the Frye test. However, Defendant's allegations are conclusively refuted by the record.
>
> The record shows that counsel did object to Schardt's qualifications as an expert and the admission of her testimony. See trial transcript p. 187-191, attached hereto. However, the trial court overruled the objection. Furthermore, Schardt's testimony did not include any "novel

>scientific evidence" which should have been subjected to the Frye test.  See Herlihy v. State, 927 So. 2d 146 (Fla. 1st DCA 2006).  In fact, Schardt's testimony regarded the results of the collected rape kit and her opinion regarding the victim's physical injuries.  See Schardt's trial testimony pp. 174-237, 245-306, attached hereto.  In addition, even if Maria Puro's testimony was derived from "a flawed FDLE database" Defendant cannot show that the outcome of the trial would have been different.  DNA was not the sole evidence in this case concerning the identity of the perpetrator.  The victim was able to identify Defendant as the person who raped her, because Defendant was her ex-boyfriend.  See Julie Burnap/Victim's testimony pp. 75-151, attached hereto.  Moreover, there is nothing in the record to support Defendant's allegations that the DNA results were "flawed."  See trial transcript pp. 387-438, attached hereto.  Also, Defendant's allegation that counsel did not file any pretrial motions is conclusively refuted by the record.  See copies of pretrial and post-trial motions and Orders, which pertain to the motions, attached hereto.  In addition, there was no viable legal or factual basis which would have supported a motion to suppress or a judgment of acquittal.

The record shows that the State court's decision was not contrary to or an unreasonable application of Strickland; and, was not an unreasonable determination of the facts based on the evidence presented.  Trial counsel's performance cannot be deemed deficient for failing to file a meritless judgment of acquittal.  Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008)(citations omitted). The trial court found "no legal or factual basis," which would have supported a motion for judgment of acquittal.  A review of the trial transcript reveals this decision was not unreasonable.[4]  The victim testified about the events leading up to the attack, testified that Petitioner raped and beat her in her vehicle, and testified about how she was brought to the hospital after the attack by Petitioner's relative.  See Exh. 2.  In addition to the victim's testimony, an emergency

---

[4]The victim's testimony can be found in Exhibit 2, pp. 76-151.

room physician from the hospital testified about the victim's obvious injuries to her face, bite marks, and that the victim told the doctor she had been raped. Id. at 165. The physician contacted law enforcement. Id. A forensic specialist and law enforcement officer responded to the physician's call and testified about the physical exam of the victim and her statement to law enforcement. Id. at 175-234. A crime laboratory analyst testified that she reviewed the sexual assault kit and identified the blood found in the back seat of the victim's vehicle as the victim's blood. Id. at 395-396, 405-409. Semen was identified in the cervical and vaginal swabs taken from the victim and the DNA profile for the major contributor matched the DNA profile from Petitioner. Id. at 414, 417, 435.

Petitioner also testified and admitted to having a sexual encounter with the victim on the night in question, but testified that the encounter was consensual, and that the victim was "not hurt" when she dropped him off that evening. Id. at 600. Petitioner's theory of defense was that someone else attacked the victim, inferring the attacker was whomever was the passenger in the victim's car. Id. at 599-621. Indeed, the victim's statements about who was in the vehicle with her prior to Petitioner approaching her passenger side window and entering her car were inconsistent, but did not undermine the victim's testimony that it was Petitioner who beat and raped her.[5] Petitioner's argument in the instant Petition that the victim's statements were inconsistent, or contradictory, does not warrant a judgment of acquittal. See Fitzpatrick v. State, 900 So.2d 495, 508 (Fla. 2005). Based on the foregoing, Petitioner is denied relief on Ground One.

---

[5]As Petitioner points out in the Petition, the victim testified during trial that Charles Daniels was the passenger in her car and she testified that Daniels attempted to intervene before Petitioner entered the victim's vehicle. Petition at 7. However, in statement to a police officer with the Ft. Myers Police Department, the victim said she did not know the male she gave a ride to before the incident happened. Exh. 2 at 511.

### B. Ground Two

Petitioner next argues that the evidence was insufficient to sustain the jury's guilty verdict. Petition at 9. Petitioner argues that the "state court overlooked the fact that the petitioner had testified that he had consensual sex with [the victim] on October 11, 2000." Id. at 11. Thus, Petitioner asserts that the decision from the state court of appeal was an "unreasonable determination of the circumstances, and facts surrounding the instant case." Id.

In Response, Respondent notes that this issue was raised as ground two on direct appeal and the appellate court affirmed the judgment and conviction without written opinion. Response at 23. Nevertheless, Respondent asserts that the claim was unexhausted and procedurally defaulted under Florida law because Petitioner's counsel did not move for a judgment of acquittal. Id. at 23-24. Turning to the merits, Respondent argues that the evidence, particularly the victim's testimony, was sufficient to support the jury's verdict. Id. at 28.

When evaluating sufficiency of the evidence to supporting a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). "A federal habeas court faced with a record of historical facts that supports conflicting inferences must presume- even if it does not affirmatively appear on the record- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." Id. at 326. After viewing the evidence in a light most favorable to the prosecution, see supra pp. 11-12, the Court concludes that the evidence presented at

trial was sufficient such that a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt. It is the duty of the jury as the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 318-19. The jury properly resolved the issue concerning any conflicting testimony and the state appellate court properly deferred to the jury's credibility determinations. See discussion supra Ground One. Thus, Petitioner is not entitled to habeas relief on Ground Two.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus is **DENIED** for the reasons discussed herein.

2. The **Clerk of Court** shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability . Id. "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v.

McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). The issues raised by Petitioner do not satisfy these standards. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

**DONE** and **ORDERED** in Fort Myers, Florida on this 28th day of May, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record